# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-06-1397-F |
| ) | |
| CITY OF OKLAHOMA CITY, ) | |
| OKLAHOMA COUNTY and ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, appearing *pro se* and in *forma pauperis*, has filed a complaint seeking relief for certain alleged wrongs committed by the defendants.

Pursuant to the directives of 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings) the Court has reviewed the allegations of the Complaint. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Moreover, the court is mindful that Haines v. Kerner, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints. However, the court is not required to imagine or assume facts in order to permit a complaint to survive. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

The complaint in this action consists of a short list of ten theories of liability and two attached documents. The listed theories of liability are not included in a sentence; they are merely listed in the briefest imaginable fashion, with no citation to any authorizing constitutional provisions, statutes, or laws. The theories of liability are numbered one through ten, and the two attached documents are numbered, indicating which facts stated in the two attached documents are alleged in support which theories. The only factual allegations included in the complaint are those stated in the attachments to the complaint. The two attachments appear to be police reports (or portions of police reports), the first filed by Officer Lynde Easley on January 26, 2005, and the second filed by Officer Paul Galyon on May 28, 2005. Thus, taking all of the factual allegations as true, means, in this instance, taking all of the statements

contained in the police reports which are attached to the complaint as true.[1] Doing so, the court finds and concludes that the alleged facts do not support any of the alleged theories of liability or any claim for relief.[2]

After careful consideration, the complaint (doc. no. 1) is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

Dated this 8th day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1397p001(pub).wpd

---

[1] The plaintiff has written the word "bullshit" after two sentences in the police reports. Interpreting the complaint liberally, the court takes this remark as an indication that the plaintiff contests the immediately preceding facts and that he does not allege those facts in support of his complaint. This interpretation of the complaint and of the alleged facts does not change the result.

[2] Additionally, the court notes that the first attachment, authored by Officer Easley and dated January 26, 2005, concerns an incident which appears to have been the subject of a finally adjudicated prior action, also brought by Mr. Wilson against the City of Oklahoma City and the State of Oklahoma (among other defendants). That action, CIV-06-0752-F, was dismissed by this court and is now on appeal. The Complaint in that action referenced an incident which resulted in the arrest of Mr. Wilson by Officer Easley on January 26, 2005. Accordingly, any re-litigation of the January 26, 2005 incident appears to be barred by claim preclusion.